(No. 39723.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LUIS ROSARIO RIVERA, Appellant.

*Opinion filed May 23, 1966.*

CARBONARO & CARBONARO, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, Luis Rosario Rivera was found guilty of voluntary manslaughter and was sentenced to the penitentiary for a term of not less than one year nor more than ten. The conviction was affirmed by the appellate court (*People* v. *Rivera,* 63 Ill. App. 2d 449), and we granted his petition for leave to appeal to this court.

Defendant claims he was denied the right of trial by jury because the judge displayed impatience when counsel, who had previously indicated it would be a bench trial, announced on the date of trial that he wanted a jury. It appears from the record that the following colloquy occurred when defendant's attorney said it would be a jury trial.

"MR. KITSOS: * * * We stand ready. I'm ready, this will definitely be a jury trial, Judge. Will that result in a severance?

THE COURT: You told me yesterday it was a bench trial.

MR. KITSOS: Yes, sir, I'm aware of that.

THE COURT: Well, I'll try this in one day, I'll pick a jury in 15 minutes and give you all your Constitutional rights and everything else. Yesterday it was a bench trial, today it is a jury trial. Send for a jury and I'll have the jury picked in one day.

MR. KITSOS: Judge, I don't mean to antagonize, yesterday when I made the representation I told you in so many words that I hadn't talked to my client yet.

THE COURT: I know that. I'm a speed merchant, under the law I'll pick the jury, if there are any questions you feel I missed bring them to me and I'll submit them to the jury, but as you say, I'm here to get rid of cases and when I find out—yesterday I said, is this going to be a bench trial? Yes. So, I'm ready. All right, I'll try this because I have other matters to try tomorrow. We

have tried other cases in one day here without any difficulty whatsoever. The State has about three witnesses.

MR. KITSOS: May I then suggest this, may I have an opportunity to talk briefly with my client?

THE COURT: Sure. I don't care which way, it doesn't matter five minutes to me, I have business to take care of and, boom, I'm going to take care of it. The jury doesn't slow me up at all. You can talk to him."

Counsel thereupon conferred with his client, and a decision was reached to have a bench trial. The argument is that because the judge was noticeably perturbed his statements had the effect of coercing defendant into changing his mind and waiving the jury. In our opinion this contention must be sustained. It is clear from this record that when counsel told the court the day before that it would be a bench trial he had not discussed the question with the defendant. This was known to the court. On the trial date, after consulting the defendant, counsel said that it would "definitely" be a jury trial. The remarks of the trial judge following this statement clearly show his annoyance at this change. He reminded counsel three times that the attorney had changed his mind; he said that he was a "speed merchant", that he would pick a jury in 15 minutes, and that he would take care of his other business regardless of whether defendant elected to be tried by jury. These remarks demonstrated an unseemly haste and could only be construed by the defendant as indicating that the judge was disturbed because defendant had decided to demand a jury trial and that the trial would be rushed so that the judge could take care of other business. Counsel's remark, "Judge, I don't mean to antagonize" shows that he realized that the judge was upset. In this atmosphere, it can hardly be said that the waiver of a jury trial the defendant "definitely" wanted was voluntary. Nor does it matter that the defendant was represented by counsel of his own choice for

the issue here is not one of incompetency of counsel. We therefore hold that the intemperate remarks of the trial judge resulted in a jury waiver that was not voluntarily made. The defendant is therefore entitled to a new trial. We find it neither necessary nor appropriate to comment on the sufficiency of the evidence or to discuss other claims advanced by the defendant.

The judgment of the appellate court is reversed and the cause is remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*