# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Burns*, 2012 IL App (4th) 110670

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMERSON T. BURNS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0670 |
| Filed | December 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The admonishments given before defendant withdrew his motion to proceed *pro se* at his murder trial were not coercive, were within the court's discretion, and complied with *Ward*, especially when defendant made his request two days before the trial and the hearing occurred the day before the trial. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 08-CF-1805; the Hon. Timothy J. Steadman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Michael J. Pelletier, Karen Munoz, and John M. McCarthy, all of State Appellate Defender's Office, of Springfield, for appellant.

Jack Ahola, State's Attorney, of Decatur (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and Turner concurred in the judgment and opinion.

## OPINION

¶ 1      Following a May through June 2011 bench trial, the trial court convicted defendant, Emerson T. Burns, of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)). In July 2011, the court sentenced defendant to 50 years in prison.

¶ 2      Defendant appeals, arguing only that the trial court abused its discretion by coercing him into withdrawing his request to proceed *pro se*. We disagree and affirm.

¶ 3      I. BACKGROUND

¶ 4      In December 2008, the State charged defendant with three counts of first degree murder in connection with the death of six-month-old Amylah Smith-Allende (born June 8, 2008).

¶ 5      On May 2, 2011, two days before his bench trial was to begin, defendant *pro se* filed a "motion for ineffective counsel" in which he asserted that his court-appointed attorney (1) attempted to coerce him into accepting a plea agreement, (2) told him he "better take a [b]ench [t]rial because she *** would not be able to properly represent [him] in the presence of a jury," and (3) violated his right to confidentiality by speaking with him freely about his case in the presence of correctional officers. Defendant requested new counsel be appointed or, in the alternative, that he be allowed to represent himself.

¶ 6      On May 3, 2011, the trial court conducted a hearing on defendant's motion. The court concluded that appointed counsel was not ineffective and denied defendant's request for alternative counsel. The following colloquy followed:

"[THE COURT]: Now, Mr. Burns let me try to put this in perspective for you. Your choice now would be to remain with your attorney as your attorney during your bench trial, starting tomorrow or you said something about representing yourself. Now, before you go any further, I will tell you representing yourself is a terrible idea. And [appointed

counsel] is experienced, she knows what she's doing, she will represent you to the fullest extent of her ability, she knows the rules. You don't know any of the rules. So, I would caution against giving up your right to a lawyer and representing yourself. I think it's a real bad idea.

Now, before we go any further, do you still want to represent yourself or do you want to stay with your experienced attorney?

MR. BURNS: Represent myself.

THE COURT: All right. Then we have to tell him what he's charged with and the possible penalties. But before we go any further, I want you to understand Mr. Burns, if you do this, you give up your right to a lawyer, as far as I'm concerned that's it. Don't come back tomorrow morning and say I changed my mind, Judge. You got it? Are you sure you want to do this? 'Cause I'm not gonna play games. I'm not gonna delay the case. There won't be any attorney to help you, you know, do research. You're not gonna micromanage the Sheriff's Office and tell them you want to look at the law books, none of that will happen. You will go to trial tomorrow. The question is do you want to go to trial with an attorney who knows what she's doing or do you want to go to trial representing yourself?

MR. BURNS: In that case I'll keep her."

¶ 7        Defendant's case proceeded to trial. After hearing all the evidence, the trial court found defendant guilty of the first degree murder of Amylah, a child under the age of 12. The court thereafter sentenced defendant as stated.

¶ 8        This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10       Defendant argues that the trial court abused its discretion by coercing him into withdrawing his request to proceed *pro se*. We disagree.

¶ 11       Pursuant to both the United States and Illinois Constitutions, a defendant has the right to represent himself in criminal proceedings. U.S. Const., amends. VI, XIV; *Faretta v. California*, 422 U.S. 806, 812-18 (1975); Ill. Const. 1970, art. I, § 8; *People v. Gibson*, 136 Ill. 2d 362, 374-75, 556 N.E.2d 226, 231 (1990). " 'The right of self-representation is "as basic and fundamental as [the] right to be represented by counsel." ' " *People v. Foster*, 391 Ill. App. 3d 487, 491, 909 N.E.2d 372, 377 (2009) (quoting *People v. Haynes*, 174 Ill. 2d 204, 235, 673 N.E.2d 318, 332 (1996), quoting *People v. Nelson*, 47 Ill. 2d 570, 574, 268 N.E.2d 2, 5 (1971)). A defendant's waiver of counsel, however, must be clear and unequivocal. *Foster*, 391 Ill. App. 3d at 491, 909 N.E.2d at 377. " 'The purpose of requiring that a criminal defendant make an "unequivocal" request to waive counsel is to: (1) prevent the defendant from appealing the denial of his right to self-representation or the denial of his right to counsel, and (2) prevent the defendant from manipulating or abusing the system by going back and forth between his request for counsel and his wish to proceed *pro se*.' " *Foster*, 391 Ill. App. 3d at 491-92, 909 N.E.2d at 377 (quoting *People v. Mayo*, 198 Ill. 2d 530, 538, 764 N.E.2d 525, 530 (2002)).

¶ 12	Despite a defendant's constitutional right to self-representation, "a trial court has the discretion to admonish [a defendant that self-representation] is 'universally viewed as unwise,' given the highly technical rules governing the conduct of a trial." *Foster*, 391 Ill. App. 3d at 493, 909 N.E.2d at 378 (quoting *People v. Williams*, 277 Ill. App. 3d 1053, 1058, 661 N.E.2d 1186, 1190 (1996)). Further, this court has noted that to ensure a defendant's request to represent himself is an intelligent and knowing waiver of his right to counsel, it is "desirable" for a trial court to admonish a defendant regarding additional cautionary matters, including that (1) an attorney has substantial experience and knows the rules of law, (2) a *pro se* defendant will not receive special consideration from the court, (3) a *pro se* defendant will not have access to an attorney for assistance, and (4) a *pro se* defendant will not receive extra time to prepare his case or conduct research. *People v. Ward*, 208 Ill. App. 3d 1073, 1081-82, 567 N.E.2d 642, 647-48 (1991). These admonishments and others noted in *Ward* have "the double benefit of (1) occasionally discouraging a defendant from proceeding *pro se* (once he learns how difficult defending himself will be) and (2) making a comprehensive record of the defendant's knowing choice if he persists in waiving counsel, only to later claim (as frequently happens) after he has had been tried and convicted that he should not have been permitted to waive counsel." *People v. Ames*, 2012 IL App (4th) 110513, ¶ 30.

¶ 13	In this case, the record shows that defendant filed his request for the appointment of new counsel, or in the alternative, to proceed *pro se*, two days before his trial was to begin, and the hearing on his motion was held the day before trial. After finding defendant's ineffective-assistance-of-counsel claim meritless, the trial court asked defendant whether he wished to proceed to trial with his current court-appointed counsel or to represent himself. The court cautioned defendant, however, that it believed self-representation was a "terrible idea" because his appointed counsel was experienced and knew the court rules, whereas defendant did not.

¶ 14	Notwithstanding the trial court's words of caution, defendant stated he wished to represent himself. In response, the trial court began to further admonish defendant as this court urged in *Ward*. The court informed defendant that if he chose to give up his right to an attorney, he would not be allowed to come back the next day and change his mind. The court would not delay the case, and defendant's trial would begin the next day, as scheduled. If defendant chose to represent himself, he would not have the benefit of an attorney to help him to research, nor would he be given special access to law books. Following these initial admonishments, the court asked defendant again whether he wanted to continue to trial with his experienced appointed attorney or represent himself. Defendant responded, "[i]n that case I'll keep [appointed counsel]."

¶ 15	Contrary to defendant's contention on appeal, the trial court did not make "it clear it was not happy with [defendant's] decision," nor were the admonishments "designed to coerce [him] into waiving his right to self-representation." Rather, the court's admonishments, which were consistent with our suggestions in *Ward*, were given to ensure that defendant was making an intelligent and knowing waiver of his right to counsel.

¶ 16	We note that defendant cites *People v. Rivera*, 34 Ill. 2d 575, 216 N.E.2d 786 (1966), in support of his contention that the trial court coerced him into giving up his constitutional

-4-

right to represent himself at trial. In *Rivera*, the trial judge expressed his annoyance with defense counsel, who requested a jury trial when–the day before–counsel had informed the court that the defendant would opt for a bench trial. The judge informed counsel that he was a "speed merchant" who would pick a jury in 15 minutes and he was "here to get rid of cases." (Internal quotation marks omitted.) *Rivera*, 34 Ill. 2d at 576, 216 N.E.2d at 787. After conferring with the defendant, counsel informed the court that defendant would waive a jury trial. *Rivera*, 34 Ill. 2d at 577, 216 N.E.2d at 787. On review, the supreme court agreed with the defendant that "because the judge was noticeably perturbed[,] his statements had the effect of coercing defendant into changing his mind and waiving the jury." *Id.*

¶ 17 We find *Rivera* inapplicable here. In this case, the trial judge was not "noticeably perturbed." The court's actions were "entirely appropriate and consistent with its obligation to ensure that a defendant is made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (Internal quotation marks omitted.) *Foster*, 391 Ill. App. 3d at 493, 909 N.E.2d at 379.

¶ 18 Case law makes clear that a trial court may appropriately attempt to discourage a defendant from representing himself at trial. Nonetheless, we suggest that a court doing so make clear to the defendant, perhaps even at the beginning of the *Ward* admonitions, that if the defendant insists upon representing himself at trial despite the court's urging him not to, the court will respect that decision and permit him to proceed *pro se*.

¶ 19 Although the trial court in this case did not explicitly state to defendant during the court's *Ward* admonitions that the court would ultimately respect defendant's decision to proceed *pro se* if he were to adhere to that decision, the record in this case is more than adequate to demonstrate that the court did nothing improper in its admonitions.

¶ 20 Because we conclude that the trial court's admonishments were (1) not coercive, (2) well within the court's discretion, and (3) entirely consistent with *Ward*, we affirm.

¶ 21                                    III. CONCLUSION

¶ 22 For the reasons stated, we affirm. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 23 Affirmed.