NOTICE

Decision filed 05/22/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220071-U

NO. 5-22-0071

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 21-CF-498 |
| | ) | |
| JEFFREY L. ROMACK, | ) | Honorable |
| | ) | Mitchell K. Shick, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion where the defendant's request for self-representation was not clear and unequivocal and where the defendant acquiesced to the appointment of counsel.

¶ 2    The defendant, Jeffrey L. Romack, pleaded guilty to aggravated stalking and was sentenced to probation for a period of 30 months. On appeal, the defendant claims that he had made a clear and unequivocal request for self-representation and the circuit court abused its discretion by denying the defendant's request. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    The defendant, Jeffrey L. Romack, was charged with aggravated stalking (720 ILCS 5/12-7.4(a) (West 2020)). The charge included that the defendant had committed the offense of stalking and had violated an order of protection. The information alleged that the defendant had committed

1

the offense of aggravated stalking on December 22, 2020, December 26, 2020, December 29, 2020, January 22, 2021, February 15, 2021, and May 25, 2021. The defendant was additionally charged with violating an order of protection in People v. Romack, No. 21-CM-455 (Cir. Ct. Coles County). The defendant was taken into custody on October 29, 2021, and his bond was set at $10,000.

¶ 5　　On November 8, 2021, the circuit court held a hearing in this matter as well as People v. Romack, No. 21-CM-455 (Cir. Ct. Coles County). At the start of the hearing, the circuit court questioned the corrections deputy on whether the defendant needed to remain where he was seated. The defendant appeared to have health issues related to his diagnosis of type 1 diabetes. The following discussion occurred before the start of the hearing:

> "CORRECTIONS DEPUTY: Yeah, he says his blood sugar is low, Judge.
> THE COURT: That's okay. Just have a seat.
> THE DEFENDANT: I represent myself, Your Honor.
> THE COURT: Well, that's okay, I'll talk to you from there.
> THE DEFENDANT: I want to be able to speak to the State.
> THE COURT: Well, we don't have time for you to speak to the State here. [The defendant] is present. He is in custody. Let me pull your file out."

¶ 6　　The hearing proceeded. The defendant was handed a copy of the information. The circuit court reviewed the charge of aggravated stalking and stated it was a Class III felony. The circuit court then informed the defendant that the purpose of the hearing was to determine how the defendant wished to proceed with representation. The circuit court stated,

> "We're going to decide whether or not you're going to hire an attorney or I'm going to appoint one to represent you. You do have the option to represent yourself, but I don't recommend that."

The circuit court further informed the defendant that he could not discuss the facts of his case at the hearing.

¶ 7    The defendant responded, "I understand we can't talk about my case today." Then the defendant proceeded to discuss his case. The circuit court stopped the defendant and directed him to answer whether he was asking for a public defender to represent him. The following transpired:

> "THE DEFENDANT: At the present time, I would like to ask for a release from custody in order to be able to defend myself because I want to represent myself and—
> THE COURT: Does the State object?
> [THE STATE]: Yes.
> THE COURT: That request is denied.
> THE DEFENDANT: I don't understand why I can't—
> THE COURT: The bond, you will have to post the bond that was set at $10,000."

¶ 8    The hearing continued and the circuit court addressed the bond issue. The defendant had filed a *pro se* motion for a bond reduction. The defendant's motion was not included in the record for this matter. The circuit court indicated that it reviewed the defendant's *pro se* motion. The State objected to the bond reduction and acknowledged the defendant's health issues. The State addressed the aggravated stalking charge and argued that the bond was appropriate.

¶ 9    The defendant, in response to the State, explained that he was not a threat, he had a child with the victim, and he was sending text messages about the child. The defendant began to discuss issues in a related family case. The circuit court stopped the defendant and advised him that anything he said was on the record and could be used against him. The circuit court then stated, "That's why I think you need an attorney." The defendant then informed the circuit court that the only allegations were based on text messaging. The defendant proceeded to argue that he was not a flight risk, he appeared for court on time, and his health was an issue. He asserted that his health concerns were not being treated properly in custody. Then, the following occurred:

> "THE COURT: Do you want me to appoint an attorney to represent you?
> THE DEFENDANT: I'd like—I'd like to be able to be released because of—
> THE COURT: I'm going to deny that request now. Do you want me to appoint an attorney to represent you?
> THE DEFENDANT: Can I have at least a lower bond?

3

THE COURT: I'm going to leave the bond as set by Judge Glenn. Let me ask you one final time; do you want me to appoint an attorney to represent you?

THE DEFENDANT: Yes, I would, but at this present time with me representing myself, I understand that you're saying that you're wanting to leave the bond as it is. I'm asking you, please, Your Honor.

THE COURT: [The defendant].

THE DEFENDANT: This was—

THE COURT: I'm going to appoint Mr. Ortega to represent you. That's the end of this hearing at this time."

¶ 10 The next hearing was held on November 15, 2021, for a preliminary hearing in this matter as well as People v. Romack, No. 21-CM-455 (Cir. Ct. Coles County). Defense counsel informed the circuit court that the defendant was waiving the hearing and a plea agreement had been reached. The circuit court informed the defendant that he had the right to a preliminary hearing where the State was required to present sufficient evidence for a finding of probable cause. The defendant waived his right to the preliminary hearing and stated, "before I start, Your Honor, I want to apologize to you." The court asked whether the apology was for the last hearing and accepted the defendant's apology. The court then accepted the waiver of the preliminary hearing and proceeded to address the plea agreement.

¶ 11 The State agreed to dismiss People v. Romack, No. 21-CM-455 (Cir. Ct. Coles County) in exchange for the defendant's guilty plea for aggravated stalking. The plea agreement stipulated that the defendant would serve 30 months of probation and pay a fine of $800 and costs as set forth in the financial sentencing order. Additionally, the defendant would serve 180 days in the Coles County Safety and Detention Center. The defendant received 38 days' credit for time served. The remaining 142 days would be stayed pending compliance with probation. The defendant was prohibited from contacting the victim or her residence. He additionally was additionally required to obtain an alcohol and drug evaluation and comply with recommended treatments.

¶ 12    The defense accepted the plea agreement. The circuit court then admonished the defendant regarding the plea agreement and found a factual basis for the plea agreement. The circuit court accepted the defendant's guilty plea and entered judgment against the defendant in accordance with the plea agreement.

¶ 13    On December 15, 2021, the defendant filed a motion to withdraw the guilty plea. The circuit court held a hearing on the defendant's motion to withdraw. The defendant and a nurse with the Coles County Sheriff's Office both testified about the defendant's health on the date of the plea hearing. The defense argued that the motion to withdraw the guilty plea should be granted because the defendant felt the effects of having low blood sugar during the hearing. The State argued that the transcript of the hearing did not reflect that the defendant was having issues and that the defendant had knowingly and voluntarily pleaded guilty.

¶ 14    The circuit court found that the defendant's responses at the plea hearing were appropriate, and no evidence was presented that the defendant was suffering from low blood sugar during the hearing. The defendant's motion to withdraw his guilty plea was denied. Defense counsel requested that the circuit clerk issue a notice of appeal and that appellate counsel be appointed for the defendant. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, the defendant argues that he had made clear and unequivocal requests to represent himself. The defendant further argues that the circuit court abused its discretion by denying the defendant's request for self-representation without inquiring whether the defendant's request was made knowingly and intelligently.

¶ 17    The defendant raises this issue for the first time on appeal. Failure to specify grounds in writing in a motion for a new trial has been held to be a forfeiture of the issue on review in the

5

absence of plain error. *People v. Albea*, 2017 IL App (2d) 150598, ¶ 16. A forfeited claim of error is reviewable under the plain error rule where the error is clear or obvious and either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) "the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Albea*, 2017 IL App (2d) 150598, ¶ 17. The denial of self-representation is reviewable under the plain error rule because it involves structural error which affects the entire trial and requires automatic reversal. *Albea*, 2017 IL App (2d) 150598, ¶ 28. As such, we will address the merits of the issue.

¶ 18    A defendant has a constitutional right to represent himself in a criminal proceeding. *Faretta v. California*, 422 U.S. 806, 836 (1975). Waiver of counsel must be clear and unequivocal and not ambiguous. *People v. Burton*, 184 Ill. 2d 1, 21 (1998). The overall context of the proceedings is reviewed to determine whether the defendant truly desires to represent himself and has invoked his right of self-representation. *Burton*, 184 Ill. 2d at 22. This includes the defendant's conduct following his request for self-representation. *People v. Washington*, 2016 IL App (1st) 131198, ¶ 55. The entire record is reviewed when making our determination. *Washington*, 2016 IL App (1st) 131198, ¶ 55.

¶ 19    Once the circuit court has addressed a defendant who wishes to proceed *pro se* in open court, has appropriately informed him of the rights he is waiving, has informed him of the potential disadvantages of his action, and finds that the defendant is knowingly waiving his right to counsel, the court should make its findings accordingly and respect the defendant's decision to exercise his constitutional right of self-representation. *People v. Ward*, 208 Ill. App. 3d 1073, 1084-85 (1991).

6

The circuit court may appropriately attempt to discourage a defendant from representing himself. *People v. Burns*, 2012 IL App (4th) 110670, ¶ 18.

¶ 20　The circuit court's decision regarding the defendant's election for self-representation will be reversed only if the circuit court abused its discretion. *People v. Rohlfs*, 368 Ill. App. 3d 540, 545 (2006). "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *People v. Baez*, 241 Ill. 2d 44, 106 (2011). A trial court may also abuse its discretion where "it fails to understand it has discretion to act or wholly fails to exercise its discretion." (Internal quotation marks omitted.) *People v. Luellen*, 2019 IL App (1st) 172019, ¶ 38.

¶ 21　The circuit court does not abuse its discretion where a "defendant raises the notion of self-representation in a way that falls short of a clear request to invoke that right." *People v. Rainey*, 2019 IL App (1st) 160187, ¶ 40. If a defendant gives an indication that he wishes to proceed *pro se*, the request may be considered abandoned where he acquiesces to the appointment of counsel. *Burton*, 184 Ill. 2d at 23. Additionally, a defendant's request for self-representation may be forfeited where the defendant remains silent during critical junctures of the proceedings. *Burton*, 184 Ill. 2d at 24.

¶ 22　On November 8, 2021, when the defendant's case was called for hearing, the corrections officer informed the circuit court that the defendant was having an issue with his health. The circuit court allowed the defendant to remain where he was seated to accommodate his health concerns. The defendant stated, "I represent myself, Your Honor" in the conversation regarding whether the defendant had to move within the courtroom. The circuit court responded, "Well, that's okay, I'll talk to you from there."

7

¶ 23    This conversation took place before the court reviewed the charges and before the court stated the purpose of the hearing. After the parties were situated in the courtroom, the circuit court explained that the purpose of the hearing was to determine whether the defendant was going to hire an attorney, request a public defender, or represent himself. The defendant's statement of "I represent myself, Your Honor" was not a clear and unequivocal demand or a request for self-representation where the parties were being seated in the courtroom and the defendant appeared *pro se*.

¶ 24    The defendant made an additional statement during the hearing regarding self-representation. Specifically, the defendant stated, "at the present time, I would like to ask for a release from custody in order to be able to defend myself because I want to represent myself." The defendant argues that after the defendant made that statement, the circuit court should have inquired whether the request was made knowingly and intelligently. Then, the defendant should have been allowed to proceed *pro se* based on the circuit court's determination of whether the defendant waived his right to counsel. The defendant further argues that the circuit court pressed until the defendant agreed to have an attorney appointed.

¶ 25    The defendant's statement that he wanted to represent himself was couched in a request for a bond reduction. The circuit court addressed the bond reduction issue before addressing the defendant's statement that he wanted to defend himself. The defendant was given the opportunity to proceed with his *pro se* motion to reduce bond and the circuit court ruled against the defendant. After the court denied the motion for bond reduction, it turned to the issue of whether the defendant wished to waive his right to counsel.

¶ 26    The circuit court proceeded by asking the defendant whether the defendant wished to have an appointed attorney. The defendant, however, did not respond that he wished to represent

himself, rather, he continued to argue for reduction of his bond. After asking the defendant twice, without receiving a response regarding the appointment of counsel, the circuit court stated: "Let me ask you one final time; do you want me to appoint an attorney to represent you?" The defendant responded: "Yes, I would, but at this present time with me representing myself, I understand that you're saying that you're wanting to leave the bond as it is. I'm asking you, please, Your Honor."

¶ 27 When considering the context of the hearing, the defendant did not make a clear and unequivocal request for self-representation. It appeared that the defendant wished to make an argument for a bond reduction while he was *pro se*. Regardless of whether the defendant's statement to represent himself was clear, the defendant clearly stated that he wanted an attorney to be appointed to represent him. He acquiesced to having counsel appointed. We also note that the defendant apologized to the circuit court during the November 15, 2021, hearing, for his behavior during the November 8, 2021, hearing. The defendant did not make a request to proceed *pro se* during the November 15, 2021, hearing, and he proceeded with counsel to enter into a plea agreement.

¶ 28 Accordingly, we find that the circuit court did not abuse its discretion where the defendant's request for self-representation was not clear and unequivocal and where the defendant acquiesced to the appointment of counsel.

¶ 29                                          III. CONCLUSION

¶ 30 For the reasons stated, we affirm the judgment of the circuit court of Coles County.


¶ 31 Affirmed.