No. 2-08-0266     Filed: 4-5-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--212 |
| EDWARD J. BARKES, JR., | ) ) ) | Honorable Thomas E. Mueller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Edward J. Barkes, Jr., appeals from an order of the circuit court of Kendall County granting the State's motion to dismiss his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2008)), which sought relief from his conviction of seven counts of criminal sexual assault (720 ILCS 5/12--13(a)(4) (West 2004)) and seven counts of aggravated criminal sexual abuse (720 ILCS 5/12--16(d) (West 2004)). For the reasons that follow, we affirm in part, reverse in part, and remand.

I. BACKGROUND

On November 16, 2004, following a jury trial, defendant was convicted of seven counts of criminal sexual assault and seven counts of aggravated criminal sexual abuse. At trial, A.H., the 13-year-old victim, testified that, from February 5 through May 18, 2004, she had sexual intercourse with defendant (who was born on March 15, 1965) approximately two to three times per week.

Other testimony established that during much of that time, A.H. lived with defendant and defendant was in a position of trust, authority, or supervision in relation to A.H. The evidence also included multiple letters written by defendant to A.H., affirmatively stating that he had had a sexual relationship with A.H. On February 4, 2005, the court merged the abuse charges into the assault charges and sentenced defendant to seven consecutive eight-year terms of incarceration. Defendant moved for reconsideration of his sentence, arguing that it was excessive. The trial court denied the motion, and defendant timely appealed.

On appeal, defendant argued the following: (1) there was insufficient evidence that he was in a position of trust, authority, or supervision over the victim; (2) there was insufficient evidence to convict him of multiple sex offenses; and (3) his sentence was disproportionate to the nature of the offenses. We rejected each argument and affirmed. See People v. Barkes, No. 2--05--0248 (2006) (unpublished order under Supreme Court Rule 23).

On July 18, 2007, defendant filed by mail a pro se postconviction petition alleging 15 instances of violations of his constitutional rights. Among those allegations, defendant alleged that trial counsel was ineffective for refusing to allow him to waive a jury trial and refusing to allow him to testify. He stated that he "desired to testify in this matter to refute allegations made by [A.H.] *** [and] dispell [sic] the illusion that [A.H.] had no motive to testify." In addition, defendant alleged that trial counsel was ineffective for failing to advise him that the sentences for criminal sexual assault were statutorily mandated to be served consecutively. He further stated that the trial judge failed to inform him that if he were convicted the sentences would have to be served consecutively and incorrectly informed him that the maximum extended sentence for criminal sexual assault was 20 years, rather than 30 years. He maintained that, because he did not have accurate information

about the possible penalties, he was unable to knowingly and intelligently weigh the State's plea offers, which included an initial offer of 35 years and a subsequent offer of 25 years. Defendant maintained that had he been properly advised, he "likely would have accepted" the State's second offer and pleaded guilty.

Defendant attached to his pro se postconviction petition his affidavit, wherein he averred that he told counsel that he wanted a bench trial but counsel refused, telling defendant that counsel "was running the show and [defendant] was getting a jury trial." Defendant also stated that "counsel refused to allow [him] to testify in [his] own defense at [his] jury trial, despite [his] request to do so." Defendant stated that "[he] made no in-court fuss or motion concerning [his] trial counsel refusing to permit [his] requests for bench trial and to testify in [his] own defense because [he] thought they were [trial counsel's] calls to make." Defendant also averred that he was never told that consecutive sentences were mandatory. In addition to his affidavit, defendant attached the State's written offer to negotiate, dated July 20, 2004. Under the offer, in exchange for a guilty plea, defendant would serve consecutive terms of 15, 10, and 10 years, and a concurrent 3-year term, for a total of 35 years.

On July 26, 2007, the trial court ruled that the petition could not be dismissed as frivolous or patently without merit and appointed counsel to represent defendant.

On September 5, 2007, postconviction counsel filed an amended postconviction petition, which incorporated the issues set forth in the pro se petition, added three claims, and attached additional documentation. Claim 18 alleged that "[t]rial counsel told [defendant] that he could not fire [trial counsel] as counsel. [Defendant] tried to hire private counsel, Fred Morelli, but decided not to pursue retaining Mr. Morelli when appointed counsel erroneously informed [defendant] that [defendant] could not get rid of appointed counsel." Defendant attached to his amended

postconviction petition letters from Morelli to defendant dated June 24, 2004, and October 27, 2004. The June 24, 2004, letter advised defendant that Morelli was unable to give defendant any advice on his case unless defendant retained Morelli. The letter concluded: "If you wish to retain me, please send someone in to hire me." The October 27, 2004, letter advised defendant that Morelli could not take defendant's case pro bono.

On September 18, 2007, postconviction counsel filed a second amended postconviction petition, which was identical to the amended petition, except that it provided additional supporting documentation.

On October 23, 2007, postconviction counsel filed a third amended postconviction petition. The third amended petition incorporated the second amended petition; however, it withdrew allegations related to charges filed against defendant in a separate case.

On November 19, 2007, the State moved to dismiss defendant's second amended postconviction petition.[1] In its motion, the State argued that the petition should be dismissed because (1) all claims could have been, but were not, raised on direct appeal or were raised on direct appeal and were denied; (2) defendant failed to attach sufficient affidavits, records, or other evidence supporting the petition's allegations or state why they were not attached; (3) the allegations were conclusory; and (4) as to defendant's claims of ineffective assistance of counsel, defendant had not

---

[1]Although the State indicated in its motion that it was moving to dismiss defendant's second amended petition, the State noted at the hearing on the motion that defendant had filed a third amended petition and that the State's arguments would address "any and all post-conviction petitions filed, whether they be second or third amended."

met the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

On December 10, 2007, defendant responded to the State's motion. Defendant argued that the issues raised in the petition could not have been raised on appeal because they were based on facts that were off the record or, if the issues could have been raised but were not, any forfeiture was due to ineffective appellate counsel. Defendant further argued that the allegations were supported by the affidavit and other documents.

On December 17, 2007, the trial court granted the State's motion and dismissed defendant's postconviction petition. The court agreed that defendant's claims had been forfeited. Further, citing <u>People v. Yates</u>, 223 Ill. App. 3d 110, 116 (1991), the court stated that for defendant to avoid forfeiture of his claims he must show "cognizable cause for his failure to raise the error and actual prejudice flowing from the error." The court stated:

"For this court to deny the People's motion and find that the second amended petition for post-conviction relief should stand on its own and therefore go to hearing is to completely obliterate the need for affidavits and for supporting documentation to bolster the claims and show actual prejudice and cognizable cause. All we have in this case is [defendant's] bald accusations that all these things occurred without, as [the State] points out, any supporting affidavits, whether they would come from actual trial counsel or appellate counsel or from other counsel who reviewed the record is neither here nor there. It's the fact that they're absent, and I don't think it's the intention of our Appellate Court or the Legislature in setting forth the grounds available or the relief available in a post-conviction petition to allow a disgruntled litigant who has otherwise exhausted their appeal methods to simply allege

ineffectiveness of counsel without more and bootstrap themselves into a full evidentiary hearing back at the trial court which I think is what is being attempted here.

So, for those reasons, the court will grant the People's motion to dismiss the second amended petition for post-conviction relief."

On December 19, 2007, defendant moved for reconsideration. Defendant argued that the court erred in finding that the issues were forfeited and unsupported, because forfeiture does not apply when there is an allegation of ineffective assistance of appellate counsel. Further, defendant argued that the petition was supported by defendant's own affidavit and other supporting documents and that case law did not require a defendant to obtain an affidavit from the very counsel alleged to be ineffective. Finally, defendant argued that many of the claims in the petition were based upon matters outside the record and must be taken as true at the second stage of the postconviction proceedings.

Following argument, the trial court denied defendant's motion, stating:

"It again comes back to the court's concern with the bald assertion as the State has just pointed out, that there is no affidavit submitted by either counsel and just a suggestion that it would be hard to get one with no proof thereof, and what we're talking about here is an allegation of ineffectiveness of counsel--ineffective assistance of counsel and under Strickland it's very clear that the effectiveness--that what is required is prove that counsel's performance was so deficient that the trial lost its character as a confrontation between adversaries thus resulting in actual breakdown of the adversary process. And what we have here is affidavits from lay people that would suggest strategy issues as opposed to going to the heart of the test under Strickland, and I don't think that just throwing those out to the

court buys an evidentiary hearing, and so I would deny the motion to reconsider and the court's prior ruling will stand and obviously it can go from there."

Defendant timely appealed. Defendant argues that the trial court erred in granting the State's motion to dismiss his claims that he was denied his constitutional right to effective assistance of trial counsel as a result of (1) counsel's refusal to allow defendant to waive a jury and proceed to a bench trial; (2) counsel's refusal to allow defendant to testify in his defense; (3) counsel's statement to defendant that defendant could not hire counsel of his choice; and (4) counsel's failure to advise him that the sentences for criminal sexual assault were statutorily mandated to be served consecutively. Although defendant raised other claims in his postconviction petition, he does not challenge the dismissal of those claims.

## II. ANALYSIS

### A. Post-Conviction Hearing Act

The Act provides a means by which a defendant may challenge his conviction for "substantial deprivation of federal or state constitutional rights." People v. Tenner, 175 Ill. 2d 372, 378 (1997). A postconviction action is a collateral attack on a prior conviction and sentence and "is not a substitute for, or an addendum to, direct appeal." People v. Kokoraleis, 159 Ill. 2d 325, 328 (1994). Except in cases where the death penalty has been imposed, proceedings under the Act are divided into three distinct stages. People v. Gaultney, 174 Ill. 2d 410, 418 (1996). At the first stage, the trial court has 90 days to examine the petition independently and summarily dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2008); Gaultney, 174 Ill. 2d at 418. The petition need present only the gist of a constitutional claim; if it does, summary dismissal is improper. Gaultney, 174 Ill. 2d at 418. If not summarily dismissed, the petition proceeds to the

second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. Gaultney, 174 Ill. 2d at 418. At the second stage, the petition may be dismissed "when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." People v. Hall, 217 Ill. 2d 324, 334 (2005). A postconviction petitioner is not entitled to an evidentiary hearing as a matter of right; rather, to require an evidentiary hearing, the allegations in the petition must be supported by the record or by accompanying affidavits. People v. Coleman, 183 Ill. 2d 366, 381 (1998). Nonspecific and nonfactual assertions that merely amount to conclusions are not sufficient to require a hearing under the Act. Coleman, 183 Ill. 2d at 381. "In determining whether to grant an evidentiary hearing, all well-pleaded facts in the petition and in any accompanying affidavits are taken as true." People v. Towns, 182 Ill. 2d 491, 503 (1998). A petition that is not dismissed at the first or second stage advances to the third stage, at which an evidentiary hearing is held. Gaultney, 174 Ill. 2d at 418. Dismissal of a petition at the second stage, as occurred here, is reviewed de novo. People v. Whitfield, 217 Ill. 2d 177, 182 (2005).

### B. Propriety of Dismissal Based on Forfeiture

We first consider the State's argument that defendant's postconviction claims of ineffective assistance of counsel have been forfeited. "In an initial postconviction proceeding, the common law doctrines of res judicata and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal." People v. Blair, 215 Ill. 2d 427, 443 (2005). The State maintains that, because defendant could have advanced his arguments on direct appeal but failed to do so, defendant's claims are forfeited. We disagree. Although issues a defendant could have raised on direct appeal but did not are considered waived or, as more recently described, forfeited (Blair, 215

Ill. 2d at 443-44), where a defendant relies on matters outside the record, forfeiture does not apply. People v. Munson, 206 Ill. 2d 104, 118 (2002). Here, defendant's postconviction allegations of ineffectiveness of counsel are based on information outside the record, specifically things his counsel told him or failed to tell him. Therefore, defendant could not have raised these allegations on direct appeal, and thus he has not forfeited them.

C. Propriety of Dismissal Based on Absence of Affidavits

Defendant argues that the court erred in dismissing his allegations of ineffective assistance of counsel for defendant's failure to support these allegations with an affidavit from counsel. According to defendant, "reviewing courts do not place upon defendants the burden of producing an affidavit from the very counsel whom they are alleging was ineffective."

A postconviction petition must be verified by affidavit. 725 ILCS 5/122--1(b) (West 2008). The allegations in the petition must also be supported by affidavits, records, or other evidence. 725 ILCS 5/122--2 (West 2008). If this documentation is not attached, the petition must explain why it is unavailable. 725 ILCS 5/122--2 (West 2008). As this court has observed, "[a] postconviction petition that is not supported by affidavits or other supporting documents is generally dismissed without an evidentiary hearing unless the petitioner's allegations stand uncontradicted and are clearly supported by the record." People v. Waldrop, 353 Ill. App. 3d 244, 249 (2004).

The State argues that the court properly dismissed the petition for failure to attach sufficient affidavits and relies principally on People v. Collins, 202 Ill. 2d 59 (2002). In Collins, the defendant filed a pro se postconviction petition, challenging his conviction of possession of a controlled substance with intent to deliver. He alleged in his petition that his trial counsel failed to help him file an appeal and seek reduction of his sentence. The defendant attached to his petition a sworn

verification, but he did not attach any other supporting documentation. The trial court dismissed the petition as frivolous and patently without merit, and the defendant appealed. On appeal, the supreme court affirmed, finding that the defendant's sworn verification stating that his petition was true and correct to the best of his recollection did not satisfy the requirement of section 122--2 of the Act. The supreme court held that the defendant's failure to comply with section 122--2 justified the summary dismissal of the defendant's petition. Collins, 202 Ill. 2d at 66.

However, under People v. Hall, 217 Ill. 2d 324 (2005), defendant's petition was not subject to dismissal pursuant to Collins. In Hall, the defendant filed a postconviction petition alleging that his trial counsel was ineffective for telling him that he did not have a valid defense to the charge of aggravated kidnaping. Hall, 217 Ill. 2d at 334. The defendant attached to his petition his affidavit, wherein he described two conversations that he had had with his trial counsel concerning his lack of a valid defense. Although the trial court docketed the petition for further consideration, it subsequently granted the State's motion to dismiss under Collins. On appeal, the supreme court held that the defendant's petition was not subject to dismissal pursuant to Collins. The court noted that Collins involved a first-stage dismissal whereas the present case had advanced to the second stage. The court stated that Collins does not apply "beyond the first stage of the proceedings." Hall, 217 Ill. 2d at 332. Thus, we hold that the trial court improperly dismissed on this basis defendant's allegations of ineffective assistance of counsel.

### D. Substantive Merits

Having determined that defendant's postconviction allegations of ineffective assistance of counsel have not been forfeited and were sufficiently supported, we now determine whether these

allegations, taken as true and liberally construed, make a substantial showing of a constitutional violation entitling defendant to an evidentiary hearing.

Under the two-prong test set forth in Strickland, a defendant claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068.

1. Alleged Ineffectiveness of Counsel for Refusing to Allow Defendant to Waive a Jury Trial

We first address defendant's allegation that his trial counsel was ineffective for refusing to allow defendant to waive a jury trial.

"Under the Illinois constitution, an accused has the right to waive trial by jury. [Citation.] It is the defendant's prerogative to decide whether or not to exercise this right of waiver [citation], and failure to accept defendant's waiver of a jury trial is generally considered reversible error. [Citation.] Therefore, the prerogative to choose a bench trial over a jury trial belongs to the defendant and not to his counsel." People v. McCarter, 385 Ill. App. 3d 919, 942-43 (2008).

Where the defendant's ineffectiveness claim is based on counsel's refusal to allow the defendant to waive a jury trial, prejudice under Strickland "is presumed if there is a reasonable probability that the defendant would have waived a jury trial in the absence of the alleged error." McCarter, 385 Ill. App. 3d at 943. "[T]he fact that the outcome of the case might have been the same if defendant had received a bench trial is not relevant to the question of prejudice under Strickland." McCarter, 385 Ill. App. 3d at 944. Here, defendant alleged that he told counsel that he wanted a bench trial but

counsel refused, telling defendant that counsel "was running the show and [defendant] was getting a jury trial." Accordingly, taking the allegations in defendant's postconviction petition and his supporting affidavit as true, we find that defendant is entitled to an evidentiary hearing on this issue.

    2. Alleged Ineffectiveness of Counsel for Refusing to Allow Defendant to Testify

We next address defendant's allegation that counsel was ineffective for refusing to allow defendant to testify in his defense when he specifically asked during trial to testify.

"The decision whether to testify on one's own behalf belongs to the defendant [citation], although this decision should be made with the advice of counsel [citation]. Advice not to testify is a matter of trial strategy and does not constitute ineffective assistance of counsel unless evidence suggests that counsel refused to allow the defendant to testify." People v. Youngblood, 389 Ill. App. 3d 209, 217 (2009).

A defendant making a postconviction claim that trial counsel was ineffective for refusing to allow the defendant to testify must allege that he "made a 'contemporaneous assertion *** of his right to testify.' " Youngblood, 389 Ill. App. 3d at 217, quoting People v. Brown, 54 Ill. 2d 21, 24 (1973). Further, a defendant must "show prejudice from the denial of his right to testify in order to make out a claim of ineffective assistance of counsel." Youngblood, 389 Ill. App. 3d at 218.

In Youngblood, the defendant petitioned for postconviction relief from his conviction of aggravated battery and mob action. Evidence at trial established, among other things, that the defendant bit a police officer while being arrested. In his postconviction petition, the defendant alleged that his counsel was ineffective for refusing to allow him to testify at trial. The trial court summarily dismissed his petition. This court affirmed. First, we found that because the defendant's petition contained no allegation that he made a contemporaneous assertion of his right to testify, his

petition did not state the gist of a claim that his right to testify was violated by counsel. We further found that the defendant failed to satisfy the prejudice prong of Strickland. Specifically, we found:

"Defendant did not indicate that, if he had been called to testify, he would have stated that he had no altercation with the officer, that the officer's finger was injured before the altercation began, or that he did not bite the officer. Rather, defendant, who, as we noted on direct appeal, admitted that he resisted the arrest, pleaded only that he would have testified about where his altercation with the officer took place. Specifically, defendant indicated that 'he would have testified to the whereabouts surrounding his arrest.' The location of the arrest has no bearing on whether defendant injured the officer or not, which, in contrast to the location of the arrest, was a fact at issue in defendant's trial." Youngblood, 389 Ill. App. 3d at 218-19.

Thus, we held that because the defendant failed to assert his right to testify and did not allege prejudice, the petition was properly dismissed. Youngblood, 389 Ill. App. 3d at 219.

Here, defendant did allege that he told counsel that he wanted to testify. However, defendant failed to satisfy the prejudice prong of Strickland. Defendant alleged that he "desired to testify in this matter to refute allegations made by [A.H.] *** [and] dispell [sic] the illusion that [A.H.] had no motive to testify." Without specifying which allegations he would have refuted, this assertion is conclusory and may be disregarded. Coleman, 183 Ill. 2d at 381. Indeed, defendant did not indicate that had he been called to testify he would have stated that he did not have sexual intercourse with A.H. or that he was not in a position of trust, authority, or supervision over her, the central issues in the case. Accordingly, because defendant did not establish prejudice, we find that the trial court properly dismissed this allegation.

3. <u>Alleged Ineffectiveness of Counsel for Denying Defendant Counsel of Choice</u>

We next address defendant's allegation that counsel was ineffective for denying him his right to counsel of choice. The sixth amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." U.S. Const., amend. VI. The right to retained counsel of one's choice "has been regarded as the root meaning of the constitutional guarantee" in the sixth amendment. <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 147-48, 165 L. Ed. 2d 409, 419, 126 S. Ct. 2557, 2563 (2006), citing <u>Wheat v. United States</u>, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 148-49, 108 S. Ct. 1692, 1697 (1988). Nevertheless, there are some limitations on the right to counsel of choice. A criminal defendant has no right to select an attorney he cannot afford or one who is not a member of the bar, has a conflict of interest, or declines to represent him. <u>People v. Howard</u>, 376 Ill. App. 3d 322, 335 (2007), citing <u>Wheat</u>, 486 U.S. at 159, 100 L. Ed. 2d at 149, 108 S. Ct. at 1697. The court does not abuse its discretion in denying a defendant's motion for new counsel if the motion does not "contain a representation that substitute counsel had been secured, much less an averment that such substitute counsel was ready and willing to enter an appearance in the case." <u>People v. Segoviano</u>, 189 Ill. 2d 228, 245 (2000). Consideration of a defendant's lack of resources is proper "because his ability to hire private counsel would be essential in order for him to change counsel." <u>People v. Montgomery</u>, 373 Ill. App. 3d 1104, 1112 (2007).

We find that defendant's allegations, taken as true, do not establish any prejudice as a result of counsel's alleged statement concerning private counsel. Defendant alleged that as a result of counsel's alleged statement, defendant decided "not to pursue retaining Morelli." Defendant did not allege that he had retained Morelli or that he had the funds to retain Morelli. In fact, the letters from

Morelli establish the contrary. In Morelli's October 27, 2004, letter, he advised defendant that Morelli could not take defendant's case pro bono. Absent an allegation that Morelli was ready and willing to enter an appearance in defendant's case or at least that defendant had the funds to hire private counsel, defendant failed to establish that he was prejudiced as a result of counsel's alleged statement. Accordingly, we find that the trial court properly dismissed this allegation.

### 4. Alleged Ineffectiveness of Counsel for Failing to Advise Defendant Concerning Mandatory Consecutive Sentences

Last, defendant argues that he is entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to advise him that the sentences for criminal sexual assault were statutorily mandated to be served consecutively. He argues that, because he did not have accurate information about the potential penalties upon conviction, he was unable to knowingly and intelligently weigh the State's plea offers.

Although a defendant has no constitutional right to plea bargain, if the State chooses to bargain, the defendant has the right to the effective assistance of counsel in negotiations with the State. People v. Curry, 178 Ill. 2d 509, 517 (1997). Moreover, the right to the effective assistance of counsel extends to the defendant's decision to reject a plea offer, even if the defendant subsequently receives a fair trial. Curry, 178 Ill. 2d at 517. Whether to accept or reject a plea offer is a decision only the defendant can make. People v. Blommaert, 237 Ill. App. 3d 811, 816 (1992). In order for this decision to be knowing and voluntary, defense counsel must fully inform himself of the facts and the law relevant to the State's offer and candidly advise his client as to the direct consequences of accepting or rejecting the offer. Blommaert, 237 Ill. App. 3d at 817. Part of this obligation is satisfied when defense counsel accurately informs his client of the maximum and

minimum sentences that can be imposed for the offenses charged by the State. Blommaert, 237 Ill. App. 3d at 817.

"A criminal defendant has the constitutional right to be reasonably informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis omitted.) Curry, 178 Ill. 2d at 528. In Curry, counsel advised the defendant of the State's plea offer but failed to inform the defendant that he would be subject to mandatory consecutive sentences if convicted of more than one of the charges he faced. This failure was based on counsel's admitted "erroneous" understanding of sentencing law at the time of the plea hearing. Our supreme court ruled that, in advising a defendant of the State's plea offer, "a criminal defense attorney has the obligation to inform his or her client about the maximum and minimum sentences that can be imposed for the offenses with which the defendant is charged." Curry, 178 Ill. 2d at 528. The court found that counsel did not fulfill that obligation and that his performance was deficient under Strickland. Curry, 178 Ill. 2d at 529. The court further found that in order to demonstrate prejudice under Strickland, the "defendant must demonstrate that there is a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer." Curry, 178 Ill. 2d at 531. The court found that the defendant met that standard, noting that the defendant did not have a strong case, the disparity between the 12-year mandatory minimum sentence that the defendant faced and the 4½-year plea offer, and defense counsel's affidavit stating that the defendant rejected the plea offer because of counsel's erroneous advice. Curry, 178 Ill. 2d at 533.

We note that Curry was before the court on direct appeal, after a hearing in the trial court. Here, under the Act, "all well-pleaded facts in the petition and in any accompanying affidavits are taken as true." People v. Towns, 182 Ill. 2d 491, 503 (1998). Defendant stated in his petition that

counsel failed to inform him that he faced mandatory consecutive sentences if convicted, and he also filed an affidavit stating that he was never told that consecutive sentences were mandatory. He also maintained that, had he been so informed, he likely would have accepted the State's offer of 25 years. We find that the allegations in the petition, supported by defendant's affidavit, are sufficient to warrant an evidentiary hearing on this issue.

## III. CONCLUSION

Based on the foregoing, we affirm the dismissal of (1) defendant's allegation that his trial counsel was ineffective for telling him that he could not hire counsel of his choice; and (2) defendant's allegation that his trial counsel was ineffective for refusing to allow defendant to testify at trial. We reverse the dismissal of (1) defendant's allegation that his trial counsel was ineffective for refusing to allow defendant to waive a jury trial; and (2) defendant's allegation that his trial counsel was ineffective for failing to advise defendant concerning mandatory consecutive sentences. We remand for further proceedings.

Affirmed in part and reversed in part; cause remanded.

ZENOFF, P.J., and McLAREN, J., concur.