# Illinois Official Reports

## Appellate Court

<hr>

### *People v. Rivera*, **2014 IL App (2d) 120884**

<hr>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE J. RIVERA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0884 |
| Filed | February 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld the dismissal of defendant's postconviction petition alleging that defense counsel, in a prosecution for aggravated arson, was ineffective in failing to tender an instruction on the lesser included offense of criminal damage to property and in not allowing defendant to make the decision as to whether that instruction should be tendered, since even though the decision is a matter of trial strategy, the decision belongs to defendant, but the affidavit defendant attached to his petition merely stated that he was not given a choice about the instruction, and by not stating that he would have chosen differently and why, he did not establish how he was prejudiced by his counsel. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 05-CF-865; the Hon. Joseph P. Condon, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Karen Munoz and Catherine K. Hart, both of State Appellate Defender's Office, of Springfield, for appellant.

Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Jose J. Rivera, appeals from the dismissal of his petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Following a jury trial, defendant was convicted of one count of aggravated arson (720 ILCS 5/20-1.1(a) (West 2004)). Defendant appealed, raising contentions regarding the sufficiency of the evidence and ineffective assistance of counsel, including an argument that counsel failed to tender a jury instruction and verdict forms on the lesser included offense of criminal damage to property (720 ILCS 5/21-1 (West 2004)). This court affirmed his conviction. See *People v. Rivera*, No. 2-09-0450 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4     Defendant then filed a petition under the Act, raising five issues of ineffective assistance of both trial and appellate counsel, including a contention that he received ineffective assistance "when trial counsel chose not to tender a jury instruction on the lesser-included offense of criminal damage to property rather than affording the Defendant the right to make that decision." The State filed a motion to dismiss, and the trial court heard argument. In granting the motion to dismiss, the trial court addressed only the issue of the lesser-included-offense instruction, finding that trial counsel "was perfectly justified in proceeding as he did on the whole ball of wax rather than tender a lesser included [offense instruction]." This appeal followed.

¶ 5                                    II. ANALYSIS

¶ 6     Defendant contends that the trial court erred in granting the State's motion to dismiss his postconviction petition. A postconviction proceeding is a collateral attack on a conviction and

- 2 -

"affords only limited review of constitutional claims not presented at trial." *People v. Harris*, 224 Ill. 2d 115, 124 (2007). The scope of such a proceeding is limited to constitutional issues that have not been, and could not have been, previously adjudicated. *Id*. "Any issues that could have been raised on direct appeal, but were not, are procedurally defaulted, and any issues that have previously been decided by a reviewing court are barred by *res judicata*." *Id*. at 124-25.

¶ 7    The Act establishes a three-stage process for adjudicating a postconviction petition. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where the State may move to dismiss the petition. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). If a petition survives the first stage and advances to the second stage, the defendant bears the burden of making a substantial showing of a constitutional violation. *Id*. at 473. During second-stage proceedings, all well-pleaded facts that are not positively rebutted by the trial record are taken as true. *Id*. If a substantial showing is set forth, the petition advances to the third stage for an evidentiary hearing; if such a showing is not made, the petition is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 8    While defendant raised five issues in his postconviction petition, he raises only one issue on appeal: his "right to decide which jury instructions to tender was violated by ineffective assistance of counsel where trial counsel did not allow [defendant] to decide whether to tender the lesser-included instruction–criminal damage to property." To obtain relief on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, the defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the defendant was prejudiced by counsel's deficient performance. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). Regarding the reasonableness of counsel's performance, the defendant must prove that counsel made errors so serious, and that counsel's performance was so deficient, that counsel failed to function as the "counsel" guaranteed by the sixth amendment. *People v. Easley*, 192 Ill. 2d 307, 317 (2000). Counsel's performance is to be measured "by an objective standard of competence under prevailing professional norms." *Id*. To establish deficiency, the defendant must overcome the strong presumption that counsel's challenged action or inaction might have been the product of sound trial strategy. *Id*. The defendant demonstrates prejudice by showing that counsel's errors were so serious as to deprive him of a fair trial, and the prejudice prong is satisfied where the defendant demonstrates a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Munson*, 171 Ill. 2d 158, 184-85 (1996). A "reasonable probability" exists if that probability sufficiently undermines confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. Failure to demonstrate either prong is fatal, and a claim may be disposed of on the prejudice prong alone, without deciding whether counsel's performance was deficient. *Munson*, 171 Ill. 2d at 184. In an appeal from a second-stage dismissal, our review is *de novo*. *Pendleton*, 223 Ill. 2d at 473. We may affirm the dismissal of a postconviction petition on any basis supported by the record. *People v. Davis*, 382 Ill. App. 3d 701, 706 (2008).

¶ 9    In his direct appeal, defendant raised the issue of ineffectiveness of trial counsel for failing to tender a jury instruction regarding criminal damage to property. See *Rivera*, No. 2-09-0450. This court found that the evidence that defendant set the fire recklessly was overwhelming,

while the evidence that he set it knowingly was not; therefore, counsel "could have decided to give defendant a fair chance at acquittal rather than almost guarantee him a conviction of a Class 4 felony," and thus defendant did not establish that counsel's performance was objectively unreasonable. *Rivera*, slip order at 5. In a slight twist, defendant now argues that counsel was ineffective for failing to allow him to decide whether to tender lesser-included-offense instruction. Defendant attached to his petition an affidavit in which made the following relevant statements:

> "6. That at the conclusion of the evidence, my attorney briefly discussed with me the submission of jury instructions. During this conversation, he was confident that I would be acquitted and advised me that he was not going to submit a jury instruction on the lesser included offense of criminal damage to property.

> 7. That I was not given a choice as to whether or not to submit the lesser included offense as a jury instruction by my attorney, nor did my attorney explain to me any of the possible consequences of this decision.

> 8. That I did not take part in the jury instruction conference with the Judge[,] nor was I ever asked by the Judge whether I, personally, made the decision to omit the lesser included offense from the jury instructions."

¶ 10    While the decision whether to submit a lesser-included-offense instruction is uniquely one of trial strategy, the decision ultimately belongs to the defendant. *People v. Brocksmith*, 162 Ill. 2d 224, 229 (1994). If no lesser-included-offense instruction is tendered, it may be assumed that the decision not to tender such an instruction was the defendant's, after due consultation with trial counsel. *People v. Medina*, 221 Ill. 2d 394, 409-10 (2006).

¶ 11    The case of *People v. Barkes*, 399 Ill. App. 3d 980 (2010), is instructive. In *Barkes*, the defendant raised in his postconviction petition several claims of alleged ineffective assistance of trial counsel. In determining whether the defendant was entitled to an evidentiary hearing, this court looked closely at the allegations in the petition and the supporting affidavit. Regarding the claim that counsel refused to allow the defendant to waive a jury trial, the defendant alleged that "he told counsel that he wanted a bench trial but counsel refused, defendant that counsel 'was running the show and [defendant] was getting a jury trial.' " *Id*. 988. This court concluded that the defendant was entitled to a hearing on that claim.[1] We found that the trial court had properly dismissed the claim that counsel refused to allow the defendant to testify, because, while the defendant alleged that he desired to testify in order to refute allegations made by the victim, he failed to specify which allegations he would have refuted. *Id*. at 989-90. The defendant "did not indicate that had he been called to testify he would have stated that he did not have sexual intercourse with A.H. or that he was not in a position of trust, authority, or supervision over her, the central issues in the case." *Id*. at 990. Thus the defendant's assertion was "conclusory" and did not establish prejudice. *Id*. The defendant's allegation that counsel asserted to him that the defendant could not fire him and

---

[1]In addition, we noted that in such a situation prejudice is presumed if there was a reasonable probability that the defendant would have waived a jury trial in the absence of the alleged error. *Id*. at 988.

hire another attorney did not constitute ineffective assistance for denying him counsel of choice, because the defendant alleged only that, as a result of counsel's statement, he decided not to retain attorney Fred Morelli. "Absent an allegation that Morelli was ready and willing to enter an appearance *** or at least that defendant had the funds to hire private counsel," the defendant had failed to establish prejudice. *Id.* at 991. The defendant was entitled to an evidentiary hearing on his claim that counsel had failed to advise him about mandatory consecutive sentences, because, in addition to stating in his affidavit that he was never told this information, the defendant stated that if counsel had informed him, "he likely would have accepted" the State's plea offer. *Id.* at 992.

¶ 12    Common to the claims on which the *Barkes* defendant was granted an evidentiary hearing by this court was the inclusion of specific actions that the defendant wanted to take and allegations of how counsel's actions defeated them: the defendant "told counsel that he wanted a bench trial but counsel refused" (*id.* at 988); the defendant "likely would have accepted" a plea offer but for counsel's failure to inform him of mandatory sentencing issues (*id.* at 992). Conversely, the defendant's claims were insufficient where they were vague or "conclusory" and failed to show that the defendant's specific wishes were specifically frustrated (the defendant did not say to what he would have testified or that he had, or even could have, hired the other attorney).

¶ 13    Here, defendant stated in his affidavit that he "was not given a choice as to whether or not to submit the lesser included offense as a jury instruction by my attorney." However, defendant never stated in his affidavit that he would have chosen to submit the lesser-included-offense instruction. Defendant's allegation is general and fails to specify that, had he been given the choice, he would have decided to submit the instruction; such an assertion is conclusory and may be disregarded. *Id.* at 990. Defendant raised only the violation of his right to choose whether to submit the instruction; in not stating that he would have chosen differently from his attorney and relating to the trial court, and to this court, why he would have done so, defendant has failed to establish prejudice. Thus, we find no error in the trial court's dismissal of defendant's postconviction petition.

¶ 14                                   III. CONCLUSION
¶ 15    For these reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 16    Affirmed.