# Illinois Official Reports

## Appellate Court

---

### *People v. Burns*, 2019 IL App (4th) 170018

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMERSON T. BURNS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0018 |
| Filed | May 13, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 08-CF-1805; the Hon. Hugh Finson, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Aliza R. Kaliski, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and John M. Zimmerman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justice Harris concurred in the judgment and opinion.<br>Justice Turner specially concurred, with opinion. |

¶ 1    Following a June 2011 bench trial, the trial court convicted defendant, Emerson T. Burns, of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)). In July 2011, the court sentenced him to 50 years in prison. In December 2013, following the denial of his direct appeal, defendant *pro se* filed a postconviction petition. In October 2016, the State filed a motion to dismiss defendant's amended postconviction petition, which the trial court granted.

¶ 2    Defendant appeals, arguing that the trial court erred by dismissing his petition at the second stage of proceedings because he made a substantial showing that his trial counsel rendered ineffective assistance by refusing to let him testify at trial. In the alternative, defendant argues this court should remand for further proceedings because his postconviction attorneys failed to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 3    The State concedes that defendant's postconviction attorneys failed to comply with Rule 651. We accept this concession and remand for further second-stage postconviction proceedings. We also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims.

¶ 4                                    I. BACKGROUND

¶ 5    In December 2008, the State charged defendant with three counts of first degree murder in connection with the death of six-month-old A.S. (born June 8, 2008). In June 2011, defendant's case proceeded to a bench trial, and the trial count found him guilty of first degree murder and sentenced him to 50 years in prison. Defendant appealed, and this court affirmed. *People v. Burns*, 2012 IL App (4th) 110670, ¶ 23, 981 N.E.2d 503.

¶ 6    In December 2013, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2012)), alleging (1) appellate counsel was ineffective "by not raising key issues on direct appeal" and (2) the trial court abused its discretion "by reaching a verdict by drawing a conclusion from incompetent evidence." In March 2014, the trial court advanced the petition to the second stage of proceedings after the court failed to rule on the petition within 90 days as required by the Act. *Id.* § 122-2.1. After permitting defendant's initially appointed counsel to withdraw, the trial court in December 2015 appointed new counsel to represent defendant.

¶ 7    In August 2016, defendant, through postconviction counsel, filed an amended petition, alleging trial counsel provided ineffective assistance by (1) failing to present evidence to rebut the State's theory that whoever bit A.S. also killed her and (2) not allowing defendant to testify at trial despite his request to do so. In that petition, defendant also alleged that appellate counsel provided ineffective assistance. Defendant attached his affidavit to the petition, in which he averred as follows:

> "1. I informed my trial counsel, Ms. Karen Root, right before my trial that I wanted to testify in my own defense.
>
> 2. Ms. Root told me I 'would get eighty years' if I did testify and that I 'would probably get forty years' if I did not testify.
>
> 3. I insisted that I wanted to testify.
>
> 4. Ms. Root stated, 'No,' at this second assertion that I wanted to testify."

The same day postconviction counsel filed defendant's amended postconviction petition, counsel also filed a certificate pursuant to Rule 651(c). However, other than defendant's affidavit, counsel did not attach any evidence or documents to the amended petition.

¶ 8 After postconviction counsel left the public defender's office, the trial court appointed new counsel to represent defendant. Thereafter, in October 2016, the State moved to dismiss the petition, arguing that (1) all of defendant's claims could have been raised on direct appeal and were therefore forfeited; (2) even if the claims were not forfeited, defendant failed to adequately support the factual contentions in the petition by affidavit or other evidence; (3) appellate counsel was not ineffective; and (4) defendant could not demonstrate prejudice. Newly appointed postconviction counsel also filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 9 The trial court dismissed the petition in December 2016. In a docket entry, the trial court concluded that (1) defendant's claims were forfeited because they could have been raised on direct appeal and (2) defendant failed to demonstrate prejudice regarding his ineffective-assistance claims.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant appeals, arguing that the trial court erred by dismissing his petition at the second stage of proceedings because he made a substantial showing that his trial counsel rendered ineffective assistance by refusing to let him testify at trial. In the alternative, defendant argues this court should remand for further proceedings because his postconviction attorneys failed to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 13 The State concedes that defendant's postconviction attorneys failed to comply with Rule 651. We accept this concession and remand for further second-stage postconviction proceedings. We also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims.

¶ 14 A. Proceedings Under the Act

¶ 15 The Act provides a remedy for criminal defendants who were substantially deprived of their state or federal constitutional rights in the proceedings leading to their conviction. *People v. Henderson*, 171 Ill. 2d 124, 131, 662 N.E.2d 1287, 1292 (1996). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *Id.*

¶ 16 Proceedings under the Act are divided into three stages. *People v. English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. At the first stage, the trial court reviews the petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2014). If the petition survives the first stage, the trial court will advance it to the second stage. *Id.* § 122-2.1(b). At the second stage, the trial court may appoint counsel for the defendant to ensure the adequate presentation of the defendant's claims. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). At this point, the State may file an answer or a motion to dismiss the petition. 725 ILCS 5/122-5 (West 2014). The trial court may dismiss the petition at the second stage if, taking all well-pleaded facts as true, the defendant fails to demonstrate a substantial showing of a constitutional violation. *Pendleton*, 223 Ill. 2d at 473. To make such a

showing, "the allegations in the petition must be supported by the record in the case or by its accompanying affidavits." *People v. Coleman*, 183 Ill. 2d 366, 381, 701 N.E.2d 1063, 1072 (1998). We review the trial court's dismissal of the petition at the second stage *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 17                                   B. Reasonable Assistance of Postconviction Counsel

¶ 18        Defendant argues, in part, that this court should reverse and remand because both of his postconviction attorneys failed to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). Relevant to this appeal, he argues they failed to attach an affidavit specifying defendant's proposed testimony for his claim that trial counsel denied him his right to testify.

¶ 19        The State argues the trial court properly dismissed defendant's petition as written. However, citing *People v. Barkes*, 399 Ill. App. 3d 980, 989-90, 928 N.E.2d 102, 113 (2010), the State concedes the case should be remanded to the trial court for further second-stage postconviction proceedings because defendant's postconviction attorneys failed to comply with Rule 651(c). We accept the State's concession.

¶ 20        The right to postconviction counsel is wholly statutory, and postconviction petitioners are only entitled to a "reasonable level of assistance" under the Act. See 725 ILCS 5/122-4 (West 2012); *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999). Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) provides the specific duties required of appointed counsel in postconviction proceedings. Specifically, appointed counsel must certify that he "has consulted with petitioner either by phone, mail, electronic means or in person to ascertain [petitioner's] contentions of deprivation of constitutional rights," examined the record of the proceedings at trial and sentencing, and made any amendments to the petition that are necessary for the adequate presentation of the petitioner's claims. *Id.* If the petitioner's claims are based on evidence outside the record, counsel is required to attach affidavits or other evidence to adequately present those claims. *Turner*, 187 Ill. 2d at 414; 725 ILCS 5/122-2 (West 2014) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.").

¶ 21        Although defendant attached his affidavit alleging trial counsel refused to let him testify, both of his postconviction attorneys failed to specify the substance of defendant's intended testimony. There is no record that the trial court ever advised defendant of his right to testify, and nothing in the record rebuts defendant's allegation that trial counsel denied him that right. Because defendant's claim that trial counsel refused to let him testify is based on evidence outside the record, his postconviction attorneys were required to specify what defendant's testimony would have been in order to adequately present his claim of ineffective assistance—especially after the State argued in its motion to dismiss that defendant failed to show prejudice on that basis.

¶ 22        When a defendant asserts ineffective assistance of counsel based on counsel's refusal to let him testify, his failure to specify the substance of his intended testimony is not necessarily fatal to the petition at the first stage of proceedings. See *People v. Dredge*, 148 Ill. App. 3d 911, 913-14, 500 N.E.2d 445, 447 (1986); *People v. Piper*, 272 Ill. App. 3d 843, 848-49, 651 N.E.2d 739, 743 (1995). However, several Illinois courts have held that in order to avoid dismissal at the *second* stage of proceedings, a defendant is required to include the substance of his intended testimony to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668

(1984). *Barkes*, 399 Ill. App. 3d at 989-90; *People v. Youngblood*, 389 Ill. App. 3d 209, 218-19, 906 N.E.2d 720, 728-29 (2009).

¶ 23 Because we reverse and remand on this issue alone, we need not address defendant's remaining claims that his attorneys failed to comply with Rule 651(c).

¶ 24 In conclusion, we note that this issue of defendant being denied his right to testify could have been avoided entirely if the trial court had heeded this court's suggestion in *People v. Frieberg*, 305 Ill. App. 3d 840, 852, 713 N.E.2d 210, 218 (1999). In that case, we noted that "because the decision whether to testify at trial lies ultimately with a defendant, issues involving how that decision was made lurk—like an unexploded bomb—in every case resulting in a conviction." *Id.* We thus suggested that, to "defuse" this potentially "explosive situation," trial courts should do the following:

> "*[I]n every criminal case* [the trial court should] take the few seconds needed, after the State has rested its case in chief and before the presentation of the defense case, to admonish the defendant personally that he alone possesses the right to choose whether to testify on his own behalf, and that he should make that decision after consulting with counsel. Trial courts should emphasize to the defendant that whatever trial counsel's advice on this point may be, counsel cannot force the defendant to testify, nor can counsel prevent the defendant from testifying. For good measure, the court should once again inquire of the defendant before he testifies (or the defense rests without his testimony) to ensure that his decision about this matter was his alone and not coerced." (Emphasis in original.) *Id.*

¶ 25 We reiterate what we wrote in *Frieberg* and once again urge trial courts to properly inform defendants of their right to testify so as to insulate the record from attacks—often made years after the fact—such as the one in this case.

## III. CONCLUSION

¶ 27 For the reasons stated, we reverse the trial court's judgment, remand the case for further second-stage postconviction proceedings, and order the trial court to appoint new postconviction counsel for defendant who shall have leave to amend and add supporting documentation, as counsel deems necessary, in support of defendant's claims.

¶ 28 Reversed and remanded with directions.

¶ 29 JUSTICE TURNER, specially concurring:

¶ 30 I agree we should reverse and remand because defendant's postconviction attorneys failed to comply with Rule 651(c). However, I decline to participate in paragraphs 24 and 25 of the majority opinion. I find the discussion in those paragraphs to be unnecessary *dicta* and arguably in conflict with the views expressed by our supreme court in *People v. Medina*, 221 Ill. 2d 394, 407-08, 851 N.E.2d 1220, 1227-28 (2006), and *People v. Smith*, 176 Ill. 2d 217, 234-35, 680 N.E.2d 291, 302-03 (1997). Thus, I specially concur.