NOTICE

Decision filed 09/22/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190497-U

NO. 5-19-0497

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 05-CF-2092 |
| | ) | |
| LEE CRUTCHFIELD, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant's postconviction petition fails to support a claim of ineffective assistance of counsel where the petition fails to provide any facts rebutting presumption that non-tendered instruction was the result of due consultation between counsel and defendant. Any argument to the contrary would lack merit. Thus, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the judgment of the circuit court.

¶ 2     Defendant, Lee Crutchfield, appeals the circuit court's order summarily dismissing his postconviction petition. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), concluded that this appeal lacks merit. Accordingly, OSAD filed a motion to withdraw as defendant's counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a supporting brief. Defendant filed a response. We agree with OSAD and conclude the

1

instant appeal lacks merit. As there is no potential ground for appeal, we grant OSAD leave to withdraw and affirm the judgment of the circuit court.

¶ 3                                      BACKGROUND

¶ 4     Defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) following the death of six-year-old Ryon Smith. Evidence at trial showed that the victim, who weighed 34 pounds, lived with defendant and his mother, Starr Lohman. On December 25, 2005, the victim urinated in his bedroom and defendant was angry about it. During the ensuing altercation, the victim bit down on defendant's finger and allegedly referred to defendant as a racial epithet. Defendant struck the victim 5 to 10 times, allegedly in an attempt to get the victim to release his finger. After the beating, Lohman placed the victim on his bed. He did not move or talk again. Lohman did not seek medical assistance for approximately 36 hours.

¶ 5     Dr. Raj Nanduri, who performed the autopsy, testified that Smith had lacerations and blood on his face and bruises on his head, face, chest, arms, hands, and abdomen. Dr. Nanduri concluded that Smith's death was a homicide, resulting from blunt force trauma to the abdomen.

¶ 6     The defense called a forensic pathologist who testified that Smith died as a result of an epileptic seizure. The jury found defendant guilty of murder.

¶ 7     After trial, defendant alleged that his counsel was ineffective. The trial court conducted a hearing but declined to appoint new counsel. The court sentenced him to natural life imprisonment, finding that he killed a child under the age of 12.

¶ 8     On direct appeal, this court rejected defendant's contention that the trial court erred by not appointing new counsel to investigate his claims of ineffective assistance. *People v. Crutchfield*, 2015 IL App (5th) 120371, ¶ 19. However, we vacated his sentence and remanded for resentencing as the Illinois Supreme Court held the relevant sentencing statute unconstitutional. *Id.* ¶ 80.

2

¶ 9        Following remand, the court sentenced defendant to 65 years' imprisonment. Defendant addressed the court and continued to protest his innocence. Defendant asserted that he "did not kill Ryon Smith. When I left that house, Ryon was alive. So I'm going to continue working through the appeal process and hope for a new trial." Defendant acknowledged that Smith's death was "a tragedy," but insisted he did not kill him. This court affirmed the new sentence. *People v. Crutchfield*, 2019 IL App (5th) 160548-U, ¶ 24.

¶ 10       Defendant filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). He alleged that trial counsel was ineffective for failing to request a lesser-included offense instruction on second degree murder or reckless homicide based on sudden and intense passion. Defendant relied on Lohman's trial testimony that he struck Smith because Smith bit his finger and used racial epithets. The circuit court summarily dismissed the petition and defendant timely appealed.

¶ 11                              ANALYSIS

¶ 12       OSAD concludes that there is no arguably meritorious contention that the circuit court erred by dismissing the petition. We agree.

¶ 13       The Act provides a procedural mechanism through which an imprisoned person may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018); *People v. Smith*, 2015 IL 116572, ¶ 9. A criminal defendant initiates a proceeding under the Act by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2018). "The petition shall *** clearly set forth the respects in which [defendant's] constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.* § 122-2. A circuit court needs to determine whether the petition should be summarily dismissed as

frivolous or patently without merit (*id.* § 122-2.1(a)(2)) or should order the petition to be docketed for further consideration (*id.* § 122-2.1(b)).

¶ 14     A postconviction petition may be dismissed as frivolous or patently without merit only when its allegations—taken as true and liberally construed—fail to state the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To set forth a "gist" of a constitutional claim, a defendant "need only present a limited amount of detail," and does not need to make legal arguments or cite to legal authority. (Internal quotation marks omitted.) *People v. Delton*, 227 Ill. 2d 247, 254 (2008). A "bare allegation" of a constitutional deprivation, however, does not qualify as the gist of a constitutional claim. *People v. Prier*, 245 Ill. App. 3d 1037, 1040 (1993). We review the circuit court's summary dismissal *de novo*. *People v. Allen*, 2015 IL 113135, ¶ 19.

¶ 15     Here, defendant alleged that trial counsel was ineffective for failing "to tender a lesser included offense of a second degree murder and reckless homicide instructions based on sudden and intense passion." To prove ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *People v. Bailey*, 2020 IL App (5th) 160458, ¶ 86. Defendants must overcome the strong presumption that counsel's conduct falls within the wide range of sound trial strategy. *Id.*

¶ 16     While trial counsel is responsible for most decisions involving trial strategy, the decision whether to request an instruction on a lesser-included offense belongs exclusively to defendant, as it is analogous to the decision of whether to plead guilty to a lesser charge. *People v. Brocksmith*, 162 Ill. 2d 224, 229 (1994). The Illinois Supreme Court has held that when a lesser-included offense instruction was not tendered, we may assume defendant decided not to tender such instruction, after due consultation with counsel. *People v. Medina*, 221 Ill. 2d 394, 409-10 (2006).

4

Without evidence to the contrary, such assumption applies here, as no lesser-included instruction was tendered.

¶ 17 Defendant's petition wholly lacks any factual allegations regarding his desire to tender a lesser-included defense instruction. He did not allege that he wanted to pursue a second degree murder instruction but was prevented from doing so. Nor did he allege that he would have tendered such instruction had he been informed of the possibility. Rather, he generally asserts counsel was ineffective for failing to tender a lesser-include offense instruction. Such conclusory allegation is insufficient to assert a gist of a constitutional claim, and defendant's *pro se* status does not excuse him from providing factual detail to support the alleged constitutional deprivation. *Delton*, 227 Ill. 2d at 254.

¶ 18 In his response to OSAD's *Finley* motion, defendant contends, for the first time, that trial counsel did not afford him "the opportunity to tender a lesser included offense instruction." Defendant acknowledges that such an instruction would have undermined the defense's trial strategy but nevertheless argues that he should have been afforded a chance to request one. These allegations come too late. *People v. Smith*, 352 Ill. App. 3d 1095, 1112 (2004) ("allegations not raised in the postconviction petition cannot be considered on appeal").

¶ 19 Moreover, defendant's untimely allegations fall short of establishing that defendant would have requested a second degree murder or reckless homicide instruction had he been aware of that possibility. Defendant suggests only that he was not afforded the opportunity to make the decision himself. Accordingly, defendant's postconviction petition fails to state a gist of a constitutional claim.[1] See *People v. Rivera*, 2014 IL App (2d) 120884, ¶ 13.

---

[1]The circuit court did not base its dismissal of defendant's petition on the failure to assert sufficient facts to state a gist of a constitutional claim. We, however, may affirm the circuit court's judgment on any

¶ 20                              CONCLUSION

¶ 21    For the foregoing reasons, defendant's petition did not state a gist of the constitutional claim that defendant's counsel was ineffective. Any argument to the contrary would lack merit. Therefore, we grant OSAD's *Finley* motion and affirm the judgment of the circuit court.

¶ 22    Motion granted; judgment affirmed.

---

basis in the record, regardless of the court's reasoning. *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 34.