2024 IL App (1st) 221144-U

FOURTH DIVISION
Order filed: August 22, 2024

No. 1-22-1144

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 21589 |
| | ) | |
| WILLIAM SMITH, | ) | Honorable |
| | ) | Geraldine A. D'Souza, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: Postconviction counsel's failure to attach supporting documentation to the defendant's postconviction petition did not amount to ineffective assistance when the document that the defendant claims should have been attached was already in the common law record.

¶ 2    The defendant, William Smith, appeals a circuit court order dismissing his petition for postconviction relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2014)). The defendant asserts that postconviction counsel rendered ineffective assistance by failing to attach supporting documentation to his petition. However, because the document at issue

was already contained in the record, counsel did not need to attach it to the petition. Therefore, we affirm the circuit court's order.

¶ 3    Following a jury trial, the defendant was convicted of three counts of first-degree murder for the shooting deaths of Carmelita Taylor, Cameron Young, and Ryan Jernigan, and one count of attempted first-degree murder for the shooting of Terrence Martin. He was sentenced to concurrent life sentences for the murder convictions and a consecutive life sentence for the attempted murder conviction. We affirmed the convictions and sentences on appeal. See *People v. Smith*, 2014 IL App (1st) 121062-U (unpublished order under Supreme Court Rule 23). Our order disposing of the defendant's direct appeal adequately sets forth the facts of the case, and we need not repeat them here.

¶ 4    At issue in the present appeal is a petition for postconviction relief that the defendant filed *pro se* in 2015 in which the defendant raised multiple claims of ineffective assistance of both trial and appellate counsel. Of relevance to this appeal, one claim alleged that the defendant's trial counsel rendered ineffective assistance by failing to attach documentation to support a pretrial motion for a *Franks* hearing challenging the validity of the search warrant that led to the defendant's arrest. The defendant alleged in that motion that the officer seeking the warrant had omitted material information when applying for the warrant. Within his claim raising the ineffective assistance of trial counsel, the defendant also asserted that his appellate counsel rendered ineffective assistance in not raising trial counsel's alleged ineffectiveness on direct appeal. The petition was advanced to the second stage, and counsel was appointed for the defendant. The defendant then filed two supplements to his petition, which essentially reiterated both components of the *Franks* claim.

¶ 5 Attached to one of the defendant's supplements was the transcript of the hearing on the defendant's motion for a *Franks* hearing. At that hearing, the State opposed the requested *Franks* hearing on the basis that the defendant had merely made allegations of falsehoods in the complaint for search warrant and had not substantiated those allegations with sufficient proof. Defense counsel responded that documents supporting his allegations were in the record and in discovery provided by the State. The court found the defendant's proof insufficient:

"THE COURT: [W]ouldn't it have been good to attach a copy of the affidavit or the complaint and the affidavit attached to the complaint in this motion? Because if the affidavit is contained in the complaint for search warrant in the present case contains statements made knowingly and intentionally with reckless disregard [*sic*]. What statements? I don't have anything in here. It's just mere allegation. There is nothing in here that allows me to make an informed decision on whether or not there's been a substantial showing. You're just saying that. That's not enough. That's definitely not enough under a *Franks* hearing."

¶ 6 When defense counsel asked for additional time to provide supporting documentation, the court refused, observing that the motion had been pending for 6 months and that the case itself was 8 years old. The court then asked the State if it had a copy of the complaint for search warrant, and the State responded that it did and provided the court with a copy. The court then reviewed the complaint and stated,

"THE COURT: All right. I've read the search warrant and you're basically saying because [the officer] didn't include the fact that Mr. Martin had allegedly I.D.'ed someone else, a Mr. Johnson, because that was not included in the search warrant and because they

had already found evidence that they were looking for in Mr. Dupree's house, that basically makes this invalid? Is that what you're saying?

MR. FIGURA [(DEFENDANT'S ATTORNEY)]: Everything listed in paragraph 6 [of the motion for a *Franks* hearing], yes.

THE COURT: Motion is denied. I still feel that there is probable cause and that doesn't make the search warrant defective."

¶ 7    Following the defendant's supplements, the defendant's postconviction counsel then filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) in which he stated that the defendant's *pro se* petition adequately set forth the defendant's claims and that he would not be filing an amended or supplemental petition.

¶ 8    The State filed a motion to dismiss the defendant's petition. Regarding the *Franks* issue, the State argued that "[t]here is nothing presented in this post-conviction petition" that indicated that the *Franks* motion would have been successful had trial counsel provided the missing documentation, that "these claims of ineffectiveness could have been raised on direct appeal but were not," and that "[t]here is nothing in the petition that is outside the record; therefore, it is not reviewable by this court in a post-conviction petition and the claims are deemed waived." In his response, the defendant's postconviction counsel argued that the trial court's denial of the defendant's *Franks* motion on the basis that it consisted of mere allegations and lacked proof in the form of the complaint for search warrant demonstrated that the complaint was essential to the motion and that trial counsel, therefore, should have attached the complaint to the motion.

¶ 9    The parties waived argument on the State's motion to dismiss, and the circuit court then entered an order granting the motion. Regarding the defendant's *Franks* issues, the court found

that the defendant had failed to demonstrate prejudice from either trial counsel's failure to attach the complaint for search warrant to his *Franks* motion or from appellate counsel's failure to raise trial counsel's alleged ineffectiveness on direct appeal. Specifically, the court observed that "[i]t is clear from the transcripts that the trial judge allowed the attorney to supplement the motion with the complaint, and after taking into consideration both the complaint and the perceived factual inadequacies presented to the judge who signed the search warrant, the trial court ruled on the merits of the *Franks* motion." This appeal follows.

¶ 10    On appeal, the defendant does not contest the merits of the circuit court's dismissal of his postconviction petition. Instead, he argues that postconviction counsel rendered ineffective assistance by failing to amend his petition to include the complaint for search warrant or by failing to attach the complaint for search warrant to his response to the State's motion to dismiss. However, because the complaint for search warrant was already in the record, counsel did not need to attach it to the defendant's petition or to his response.

¶ 11    In postconviction proceedings, there is no constitutional right to counsel. *People v. Addison*, 2023 IL 127119, ¶ 19. Rather, a defendant's right to counsel is provided by statute, and defendants are only entitled to a "reasonable" level of assistance, "which is less than that afforded by the federal and state constitutions." *Id.* (citing *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)). To ensure that defendants in postconviction proceedings receive that reasonable level of assistance, Rule 651(c) requires postconviction counsel to file a certificate confirming that the attorney has consulted with the defendant, has reviewed the record of the case, and "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Once counsel has filed a Rule 651(c) certificate, a rebuttable presumption of

reasonable assistance arises. *Addison*, 2023 IL 127119, ¶ 21. The defendant then has the burden of showing that "postconviction counsel did not substantially comply with the strictures of the rule" or that "postconviction counsel did not make all necessary amendments to the *pro se* petition." *Id.* "This includes making amendments that are necessary to overcome procedural bars." *Id.* (citing *People v. Perkins*, 229 Ill. 2d 34, 44 (2007)); see also *Perkins*, 229 Ill. 2d at 44 ("An adequate or proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted.").

¶ 12    The defendant's postconviction counsel filed a Rule 651(c) certificate in which he stated that no amendments were necessary to adequately present the defendant's claims. That certificate creates a presumption of reasonable assistance. See *Addison*, 2023 IL 127119, ¶ 21. The defendant attempts to rebut that presumption by arguing that the complaint for search warrant was critical to his claims that both trial and appellate counsel were ineffective for their respective handling of the *Franks* issue and that it was, therefore, unreasonable for postconviction counsel to not attach the complaint either to the petition or to his response to the State's motion to dismiss. He also contends that the State's argument in its motion to dismiss should have placed postconviction counsel on notice that he needed to attach the complaint to his response to that motion.

¶ 13    In support of his argument that the complaint was a necessary attachment, the defendant first points out that section 122-2 of the Act provides that a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." He then cites *People v. Johnson*, 154 Ill. 2d 227, 240 (1993), for the proposition that, in his words, "a post-conviction petition that relies on evidence from outside the record, but which is not supported by affidavits or other supporting documents, must be dismissed

without an evidentiary hearing," and he cites several other cases holding that it was unreasonable for counsel to fail to attach supporting documentation (see *People v. Urzua*, 2023 IL 127789; *People v. Burns*, 2019 IL App (4th) 170018; *People v. Spivey*, 2017 IL App (2d) 140941; and *People v. Nitz*, 2011 IL App (2d) 100031). However, as the defendant's reference to *Johnson* recognizes, counsel is only required to attach documentation supporting a claim when it comes from *outside of the record*. Indeed, our supreme court stated in *Johnson* that a petition that is not adequately supported will be dismissed "unless the petitioner's allegations stand uncontradicted and are clearly supported by the record." 154 Ill. 2d at 240; see also *People v. Edgecombe*, 2020 IL App (1st) 171923, ¶ 56 ("At the second stage, a court considers only the proofs attached by defendant to his petition *and the record of his original trial proceedings*." (Emphasis added.)). Therefore, when a defendant's allegations are based on a document that is already in the record and are not contradicted, the failure to attach that document to the petition is not fatal.

¶ 14    In this case, the document that the defendant claims should have been attached to his petition, the complaint for search warrant, was already in the record. This is not a surprise, as such documents are generally expected to be in the circuit court record and transmitted to the appellate court in the record on appeal. See Ill. S. Ct. R. 608(a)(5) (eff. July 1, 2017) (providing that that the record on appeal shall contain "all arrest warrants, search warrants, consent to search forms, eavesdropping orders, and any similar documents").We note that, although it was not included in the original record on appeal, the State filed a motion in this court seeking to file a certified supplement to the record under Illinois Supreme Court Rule 329 (eff. July 1, 2017) containing the complaint for search warrant. We granted the motion, and the supplement bears a certificate from

the clerk of the circuit court pursuant to Illinois Supreme Court Rule 324 (eff. July 1, 2017) certifying the complaint for search warrant as an authentic component of the circuit court record.

¶ 15    We also clarify that, although the defendant seems to assert at certain points in his brief that there are two different documents at issue, the complaint for search warrant and a separate affidavit supporting the complaint, that does not appear to be the case. Each page of the complaint for search warrant contains a declaration that the officer's allegations were "sworn to," and there is no indication that there is a separate affidavit. Rather, the complaint and the purported affidavit appear to be one in the same, and we are satisfied that the complaint for search warrant is the only relevant document.

¶ 16    In sum, because the complaint for search warrant was already in the record, postconviction counsel's failure to attach the document to the defendant's petition or to the defendant's response to the State's motion to dismiss was not unreasonable, and the defendant's claim of ineffective assistance of postconviction counsel is without merit. Accordingly, we affirm the circuit court order dismissing the defendant's petition.

¶ 17    Affirmed.